Rizvan RIZVANOVSKI, Fatrija
Rizvanovska, Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

Nos. 06–4205–ag (L), 06–4207–ag (con).

United States Court of Appeals,
Second Circuit.

May 3, 2007.

44

Gregory Marotta, Belle Mead, NJ, for Petitioner.

Reginald I. Lloyd, United States Attorney for the District of South Carolina, Barbara M. Bowens, Assistant United States Attorney, Columbia, SC, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

Petitioner Rizvan Rizvanovski and his daughter, Fatrija Rizvanovska, both natives and citizens of Macedonia, seek review of two August 18, 2006 orders of the BIA affirming the March 31, 2005 decision of Immigration Judge ("IJ") William F. Jankun denying petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rizvan Rizvanovski,* No. A78 207 820; *In re Fatrija Rizvanovska,* No. A96 074 675 (B.I.A. Aug. 18, 2006), *aff'g* Nos. A78 207 820, A96 074 675 (Immig. Ct. N.Y. City Mar. 31, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination.[1] *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005).

As an preliminary matter, we construe the IJ's decision as a denial based on the petitioners' failure to meet the eligibility requirements for the relief sought. Although the IJ questioned whether some of the incidents in Macedonia actually occurred, his decision focuses on the petitioner's failure to prove past persecution or a well-founded fear of persecution, assuming credibility.

Because the IJ's past persecution finding involves the application of law to a particular set of facts, i.e., the definition of persecution, this Court reviews that finding *de novo. See, e.g., Edimo–Doualla v.*

---

1. Even though Rizvanovski is not subject to a final order of removal because he was placed in *asylum-only proceedings,* we retain jurisdiction to review the denial of his claims. *See Kanacevic v. INS,* 448 F.3d 129, 134–35 (2d Cir.2006). Fatrija was in removal proceedings and is subject to a final order of removal; thus, her petition for review is properly before this Court pursuant to 8 U.S.C. § 1252(a)(1).

*Gonzales,* 464 F.3d 276, 282 (2d Cir.2006). In order to constitute persecution, the harm must be sufficiently severe, rising above "mere harassment." *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). However, this Court has emphasized that "a 'minor beating,' or for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Gjolaj v. BCIS,* 468 F.3d 140, 142 (2d Cir.2006) (quoting *Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006)). In other words, the agency must consider the context in which the harm occurs in order to determine whether it constituted persecution, as opposed to mere harassment. *Beskovic,* 467 F.3d at 226.

■ In this case, Rizvanovski testified that he was detained overnight after the police discovered that he was harboring refugees in his home. He stated that before being arrested, the police slapped him once in the face, and while in detention, the police hit him with a stick. He admitted that he did not sustain any injuries from this beating, nor did he seek medical treatment after being released from detention. This was the only incident of alleged physical mistreatment that he personally suffered in Macedonia, and based on the testimony he provided, the IJ was reasonable in concluding that this incident did not involve the type of severe or extreme harm that constitutes persecution, even when taken in context.

■ The IJ also correctly determined that this incident did not occur on account of an enumerated ground. Although Rizvanovski stated that he was unsure whether harboring refugees was an illegal activity in Macedonia, he did indicate that refugees were required to remain in refugee camps. When asked whether it was illegal for refugees to leave the camps

without permission, he stated, "Maybe surely." Fatrija testified that many other families in their area harbored refugees, and those refugees were also required to return to the camps. Based on this testimony, the IJ reasonably concluded that Rizvanovski failed to demonstrate that his arrest was motivated by his religion, or any other enumerated ground. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005) (citing *INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). Moreover, because the arrest did not occur on account of a protected ground, a reasonable fact-finder would not be compelled to find that the minimal harm Rizvanovski suffered constituted persecution. *See Beskovic,* 467 F.3d at 226.

■ Rizvanovski argues in his brief that the agency erred in failing to consider the "economic" persecution his family suffered when his children were unable to attend school. Assuming that the deprivation of education could be considered a form of economic persecution that would be protected under the asylum laws, the IJ reasonably determined that such deprivation did not occur on account of the family's religion. Rizvanovski testified that his older children attended a Muslim school until it was closed and then attended a Macedonian school. Fatrija, however, only attended the Macedonian school, and she stopped going after the eighth grade. Rizvanovski explained that none of his children attended high school because it was hard to enroll and there was no bus service to the school, which was located far from their home. However, he admitted that some of the other high school age children in his area did attend the school. Fatrija testified that she stopped attending school after the eighth grade because she was not earning good grades. This testimony demonstrates that Rizvanovski's children were not deprived access to an education due to their religion; rather, there were

other reasons why his children did not complete their education. Accordingly, the IJ reasonably concluded that this did not constitute a form of religious persecution upon which the petitioners could base their asylum claim.

■ The IJ also reasonably determined that Rizvanovski failed to establish a well-founded fear of persecution. Rizvanovski asserted that the police have returned to his home several times after he fled Macedonia to ask about his whereabouts. However, he did not provide any evidence that the police wished to harm or persecute him; he stated only that the visits to his home were to "intimidate." Given that the harm he experienced several years ago did not rise to the level of persecution, the IJ reasonably concluded that he failed to demonstrate a reasonable possibility that he would face persecution upon return to Macedonia.

In addition, there is no evidence that any mistreatment Rizvanovski or his daughter might face would be on account of their religion. Although the petitioners claimed they would face mistreatment as Muslims, the IJ did not err in rejecting this assertion based on the testimony at the hearing and the information in the country reports. There is insufficient evidence in the record to compel a conclusion that Rizvanovski's and Fatrija's fears of returning to Macedonia are objectively reasonable.

The petitioners do not make any arguments regarding the denial of their withholding of removal or CAT claims in their brief to this Court. Accordingly, these claims are considered waived. *See Yueqing Zhang*, 426 F.3d at 545 n. 7.

For the foregoing reasons, the petitions for review are DENIED.